UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEFENDERS OF WILDLIFE, *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>KEN SALAZAR, Secretary of the United States Department of the Interior, *et. al.*,<br><br>        Defendants,<br><br>        v.<br><br>IDAHO STATE SNOWMOBILE ASSOCIATION; PRIEST LAKE TRAILS/OUTDOOR RECREATION ASSOCIATION; WINTER RIDERS, INC, an Idaho Corporation a/k/a SANDPOINT WINTER RIDERS; PRIEST LAKE CHAMBER OF COMMERCE; THE AMERICAN COUNCIL OF SNOWMOBILE ASSOCATIONS; and THE BLUERIBBON COALITION,<br><br>        Defendant-Intervenors. | NO. CV-09-15-EFS<br><br>**ORDER ACCEPTING SETTLEMENT AGREEMENT AND DISMISSING ACTION WITH PREJUDICE** |

    Before the Court is Plaintiffs and Defendants' Stipulated Settlement Agreement (Ct. Rec. 23), filed May 29, 2009.  Based on the Stipulation, **IT IS HEREBY ORDERED:**

ORDER * 1

1. Defendants shall permit Plaintiffs to supplement their Petition for Defendants to Designate Critical Habitat for the Woodland Caribou by submitting to Defendants any additional information and data on or before 120 days from the date of this Order.

2. Defendants shall make a determination as to whether critical habitat for the Selkirk Mountains population of Woodland Caribou is prudent no later than November 20, 2011, after considering any supplemental information provided by Plaintiffs in accordance with Paragraph 1. If Defendants determine that critical habitat designation is prudent, then they shall submit a proposed critical habitat rule to the *Federal Register* on or before November 20, 2011.

3. If Defendants determine that the designation of critical habitat is prudent, then they shall submit to the *Federal Register* a final critical habitat determination by November 20, 2012.

4. Defendants are only ordered to take actions by the deadlines specified in Paragraphs 2 and 3; this Order does not limit Defendants' authority with regard to the substantive outcome of any determinations. To challenge any final determination issued in accordance with this Agreement, Plaintiffs will be required to file a separate action. Plaintiffs have not waived their ability to challenge substantive decisions made by Defendants pursuant to Paragraphs 2 and 3, above, and Defendants have not waived any applicable defenses.

5. This Order may be modified 1) by the Court upon good cause shown, 2) consistent with the Federal Rules of Civil Procedure, 3) by written stipulation between the parties filed with and approved by the Court, or 4) upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify this Order,

ORDER * 2

including the deadline for the actions specified in Paragraphs 2 or 3, or in the event of a dispute arising out of or relating to this Order, or in the event that either party believes that the other party has failed to comply with any term or condition of this Order, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim. The parties will meet and confer (in-person not required) at the earliest possible time in a good-faith effort to resolve the claim before pursuing relief from the Court. If the parties are unable to resolve the claim after meeting and conferring, either party may pursue relief from the Court.

6. No party shall use this Order or the terms herein as evidence of what does or does not constitute lawful designation of critical habitat, or a lawful timetable therefor, in any other proceeding involving Defendants' implementation of the Endangered Species Act ("ESA") or any other statute.

7. Defendants shall pay Plaintiffs' reasonable attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), in the amount settled upon by the parties. Pursuant to the parties' agreement, Defendants shall pay Plaintiffs a total of $5,500.00. Defendants shall make electronic payment to Plaintiffs' undersigned counsel, Defenders of Wildlife, in accordance with OMB Form 1510 as completed by Plaintiffs.

8. Defendants shall submit all necessary paperwork for the processing of the attorneys' fee award to the relevant government account officials within thirty (30) days of receipt of OMB Form 1510 from the Plaintiffs.

ORDER * 3

9. Payment by Defendants of $5,500.00 shall fully satisfy any and all claims for attorneys' fees and costs of litigation to which Plaintiffs are entitled in the above-captioned litigation, up to and including the date of this Order.  Receipt of this payment from Defendants shall operate as a release of Plaintiffs' claims for attorneys' fees and costs in this matter, through and including the date of this Order.

10. Plaintiffs retain the right to seek additional fees and costs incurred subsequent to this Order arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in paragraphs 1-3, or for any other unforeseen continuation of this action. Defendants do not waive any right to contest fees claimed by Plaintiffs or Plaintiffs' counsel, including the hourly rate, in any future litigation, or continuation of the present action.  Further, this Order as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

11. No provision of this Order shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural.  Nothing in this Order shall be construed to limit or modify the discretion accorded to Defendants by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

12. No provision of this Order shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds

ORDER * 4

exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

13. Plaintiffs' Complaint **(Ct. Rec. 1)** is **DISMISSED** in its entirety with prejudice under Rule 41(a)(1). Notwithstanding this action's dismissal, the Court retains jurisdiction to oversee compliance with this Order's terms and to resolve any motions to modify such terms, until Defendants satisfy their obligations under this Order. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

**IT IS SO ORDERED**. The District Court Executive is directed to:

1) enter this Order;
2) distribute copies to counsel;
3) deny all pending motions as moot;
4) strike all trial and hearing dates; and
5) close the file.

**DATED** this  1st   day of June 2009.


                       S/ Edward F. Shea
                       EDWARD F. SHEA
                   United States District Judge

Q:\Civil\2009\15.Stip.Dismiss.wpd

ORDER * 5